IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA LOPEZ, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| CENLAR FSB, | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendant Cenlar FSB ("Cenlar"), by counsel, hereby removes this action from the Circuit Court for Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction over the action. *See* 28 U.S.C. § 1332. Removal is proper because this action contains an issue of federal question as Plaintiff Ana Lopez ("Lopez" or "Plaintiff") alleges a violation of the Fair Debt Collection Practices. See 28 U.S.C. § 1331. In support thereof, Defendant states as follows:

**I.     Background**

1. This action was commenced on October 31, 2022, in the Circuit Court of Cook County, Illinois, styled *Ana Lopez, individually, and on behalf of all other similarly situated v. Cenlar FSB,* Case No. 2022-CH-10704 (the "State Court Action").

2. A copy of the State Court Action Complaint (the "Complaint") is attached hereto as **Exhibit A**.

3. Defendant was served through its registered agent on November 4, 2022, therefore this action is timely removed pursuant to 28 U.S.C. § 1446(b)(1).

136145313v1

4. The State Court Action concerns the Cenlar's servicing and subsequent foreclosure of Plaintiff's mortgage loan (the "Loan"), repayment of which is secured by a mortgage on a property owned by Plaintiffs known as 3718 North Spaulding Avenue, Chicago, IL 60618 (the "Property") (Compl., ¶ 10.)

5. The State Court Action alleges a violation of the Fair Debts Collections Practices Act, 15 U.S.C. § 1692 *et seq*. in Count I. The Complaint thus presents a federal question pursuant to 28 U.S.C. § 1331 for purposes of removal. (Compl., *passim*.)

6. As relief, Plaintiff seeks actual damages, punitive/additional damages, costs of suit and attorneys' fees in an unspecified amount. (Compl., *prayer for relief*.)

**II.     Grounds for Removal**

     **A.     Complete Diversity Exists Between Plaintiffs and Cenlar.**

7. Upon information and belief, Plaintiff is a citizen of the State of Illinois. (Compl. ¶ 6)

8. Cenlar is a federal savings bank organized and existing under the laws of New Jersey. "For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

9. Cenlar is a New Jersey corporation with its principal place of business in New Jersey. Accordingly, Cenlar is a citizen of New Jersey for purposes of determining diversity of citizenship jurisdiction.

10. Accordingly, there is complete diversity between Plaintiff and Cenlar.

     **B.     The Amount in Controversy Exceeds $75,000.00.**

11. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

136145313v1

12. The party removing the case to federal court has the initial burden of establishing that the jurisdictional amount has been satisfied by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

13. Where the amount of damages are unspecified in the complaint, a good faith estimate of the stakes by the defendant will be accepted if it is plausible and supported by a preponderance of the evidence. *Id.* Once the defendant has established the amount in controversy, the plaintiff can defeat jurisdiction only "if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

14. When evaluating whether a suit exceeds the amount-in-controversy threshold, courts consider all damages available to a plaintiff as of the date the suit is filed or removed to federal court, including compensatory damages, punitive damages and attorneys' fees. *Id.* at 510.

15. If punitive damages are available to a plaintiff, "subject matter jurisdiction exists unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).

16. Here, Plaintiff seeks actual damages in an unspecified amount, statutory damages, and attorneys' fees and costs, and an award for putative class members not to exceed $500,000.00. *See* Compl. *Prayer for relief.*

17. Although Cenlar disputes that Plaintiff is entitled to any such amount and deny all liability for Plaintiff's claims, the amount in controversy requirement is satisfied by the face of the Complaint.

18. In addition to the forgoing, Plaintiffs seek other damages including for attorneys' fees and costs. *See* Compl. , *prayer for relief.*

136145313v1

19. Punitive damages may also be included in calculation of the amount in controversy because punitive damages are available under the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

20. In sum, complete diversity exists and the amount in controversy requirement is satisfied by the face of the Plaintiffs' Complaint. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

### C. This Matter Presents A Federal Question

21. Removal is proper if a plaintiff's claim arises under federal law. *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033 (7th Cir. 2014). (*See Also* 28 U.S.C. § 1331, 28 U.S.C. § 1441(c)(1)(A)).

22. Removal is proper in the instant matter as the FDCPA presents a federal question, and this Court has subject matter jurisdiction over the federal question. (*See Soyinka v. Franklin Collection Serv.*, 472 F.Supp.2d 463, 464 (N.D. Ill. 2020)).

23. Count I of Plaintiff's Complaint alleges a violation of the FDCPA, a federal statute. The requirements of 28 U.S.C § 1331 and 28 U.S.C. 1441(c)(1)(A) are thus met. Accordingly, this Court has subject matter jurisdiction over the instant matter, and removal is proper.

### III. VENUE

25. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division embrace the Circuit Court for Cook County, Illinois, the forum in which the removed action was pending.

### IV. NOTICE

26. Pursuant to 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal in the Circuit Court of Cook County,

Illinois, and will attach a copy of this Notice of Removal thereto. All other documents filed in the State Court Action are attached hereto as **Exhibit B**. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit C**.

27. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

28. If any questions arise as to the proprietary of the removal of this action, Cenlar requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, for the reasons stated above, Defendant Cenlar FSB, requests that the above-referenced case be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 5, 2022

Respectfully Submitted,

CENLAR FSP

By: /s/ Punit K. Marwaha
Punit K. Marwaha

Punit K. Marwaha, ARDC 6307990
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com

*Counsel for Defendant Cenlar FSB*

136145313v1