IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA LOPEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>Defendant. | Civil Action No. 1:22-cv-06827<br><br>Hon. John F. Kness |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, Cenlar FSB ("Cenlar"), by and through its undersigned counsel, and, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Ana Lopez ("Plaintiff"), states as follows:

### NATURE OF THE ACTION

1. Cenlar admits that this action purports to relate to the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any remaining allegations in Paragraph 1 of the Complaint.

2. Cenlar admits that it is a subservicer of mortgages. The remaining allegations contained in Paragraph 2 of the Complaint contain conclusions of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

3. The allegations contained in Paragraph 3 of the Complaint contain conclusions of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

### JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 of the Complaint contain conclusions of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

5. The allegations contained in Paragraph 5 of the Complaint contain conclusions of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

## PARTIES

6. Cenlar admits that Plaintiff is a natural person. Answering further, Cenlar lacks sufficient knowledge with which to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. Cenlar admits that it is a federally chartered, wholesale bank.

8. Cenlar admits the allegations contained in Paragraph 8 of the Complaint.

9. Cenlar admits that it subservices consumer mortgage loans.

## BACKGROUND FACTS AND BASIS FOR CLAIMS

10. The allegations contained in Paragraph 10 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

11. The allegations contained in Paragraph 11 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

12. Cenlar denies the allegations contained in Paragraph 12. Further, the allegations contained in Paragraph 12 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

13. Cenlar lacks sufficient knowledge with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. The allegations contained in Paragraph 14 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

15. The allegations contained in Paragraph 15 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

16. The allegations contained in Paragraph 16 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

17. The allegations contained in Paragraph 17 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

18. The allegations contained in Paragraph 18 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

19. The allegations contained in Paragraph 19 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied. As to the allegations as to what appears on Cenlar's website, said website speaks for itself and Cenlar denies any allegations that are contrary thereto, or to the law.

20.     The allegations contained in Paragraph 20 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

21.     The allegations contained in Paragraph 16 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

22.     The allegations contained in Paragraph 22 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

23.     The allegations contained in Paragraph 23 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

24.     The allegations contained in Paragraph 24 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

25.     The allegations contained in Paragraph 25 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

26.     The allegations contained in Paragraph 26 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

27. The allegations contained in Paragraph 27 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

28. The allegations contained in Paragraph 28 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the document or to the law, they are denied.

29. Cenlar admits that its principal place of business is located in Ewing, New Jersey and that Cenlar accepts mail at the addresses in Paragraphs 27 and 28 of the Complaint. Cenlar lacks sufficient knowledge with which to form a belief as to the truth and/or accuracy of the remaining allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. The allegations contained in Paragraph 30 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

31. The allegations contained in Paragraph 31 of the Complaint refer to documents which speak for themselves, and to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

32. The allegations contained in Paragraph 32 of the Complaint refer to documents which speak for themselves, and to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

33. The allegations contained in Paragraph 33 of the Complaint purports to summarize or construe an OCC consent order, which speaks for itself. To the extent Plaintiff has misquoted, mischaracterized, or misconstrued the referenced OCC consent order, including that Cenlar did

not admit or confirm the allegations of the Consent Order, Cenlar denies the allegations. Cenlar denies the remaining allegations of Paragraph 33.

## CLASS ALLEGATIONS

34. The allegations contained in Paragraph 32 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

35. Cenlar denies the allegations contained in Paragraph 35 of the Complaint.

36. Cenlar denies the allegations contained in Paragraph 36 of the Complaint.

37. Cenlar denies the allegations contained in Paragraph 37 of the Complaint.

38. Cenlar denies the allegations contained in Paragraph 38 of the Complaint.

39. Cenlar denies the allegations contained in Paragraph 39 of the Complaint.

40. Cenlar denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT I
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.**

41. Cenlar repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

42. The allegations contained in Paragraph 42 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

43. The allegations contained in Paragraph 43 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

44. The allegations contained in Paragraph 44 of the Complaint contain statements of the law, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

45. The allegations contained in Paragraph 45 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

46. Cenlar denies the allegations contained in Paragraph 46 of the Complaint.

47. The allegations contained in Paragraph 47 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

48. The allegations contained in Paragraph 48 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

49. The allegations contained in Paragraph 49 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

50. The allegations contained in Paragraph 50 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

51. Cenlar denies every allegation not specifically admitted. Cenlar further denies the allegations contained in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 51 of the Complaint, and further denies that it is liable to Plaintiffs whatsoever under any theory whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Cenlar sets forth the following affirmative and other defenses to the Complaint without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiff.

1. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Cenlar and fails to state facts sufficient to entitle Plaintiff to the relief sought.

2. To the extent that there was any violation of the Fair Debt Collections Practices Act, which Cenlar denies, Cenlar's actions were not knowing and/or willful because Cenlar's violations, if any, were unintentional and the result of bona fide error despite the maintenance of procedures reasonably adapted to avoid such violations.

3. Plaintiff cannot recover from Cenlar to the extent that any damages that Plaintiff may have suffered, which Cenlar continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

4. Plaintiff cannot recover from Cenlar to the extent that any damages that Plaintiff may have or will suffer as alleged in the Complaint, which Cenlar continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom Cenlar had no control, and for whom Cenlar is not responsible, which bars or diminishes any recovery by Plaintiff against Cenlar.

5. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.

7.  At all times relevant, Cenlar acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

8.  The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks standing.

9.  Plaintiff's claims fail to the extent that they are barred by any applicable statutes of limitation.

10. Cenlar reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Cenlar FSB requests that this Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding Cenlar its costs and expenses incurred herein; (3) awarding Cenlar such other and further relief as the Court may deem just and proper.

Dated: December 12, 2022

Respectfully Submitted,

Cenlar, FSB

By: /s/ Punit K. Marwaha
    Punit K. Marwaha

Punit K. Marwaha,
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com
Firm ID: 64735

*Counsel for Defendant Cenlar FSB*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2022 a true and correct copy of the foregoing *Answer and Affirmative Defenses* was sent via first class mail, postage prepaid, to the following counsel of record:

Thomas A. Zimmerman, Sharon A. Harris, Matthew C. De Re, Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington St., Ste. 1220
Chicago, IL 60602
*tom@attorneyzim.com*

Arthur C. Czaja
Law Offices of Arthur C. Czaja
7521 North Milwaukee Ave.
Niles, IL 60714
*arthur@czajalawoffices.com*

*Counsel for Plaintiff*

By: /s/ Punit K. Marwaha
Punit K. Marwaha
Troutman Sanders LLP
227 W. Monroe St., Ste. 3900
Chicago, Illinois 60606
312-759-5949 office
punit.marwaha@troutman.com

*Counsel for Defendant Cenlar FSB*