**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANA LOPEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>CENLAR FSB,<br><br>    Defendant | Case No. 22-cv-06827<br><br>District Judge John F. Kness |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND**

NOW COMES Plaintiff Ana Lopez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through counsel, and for her *Reply in Support of Her Motion to Remand*, states as follows:

**I.    INTRODUCTION.**

On January 4, 2023, Plaintiff filed her *Motion to Remand to Circuit Court of Cook County* ("Motion"). *See*, Motion, Dkt. # 12. In the Motion, Plaintiff argues that Defendant Cenlar FSB's ("Defendant") "Notice of Removal" was untimely, and that Defendant failed to adequately establish that Plaintiff has Article III standing. *Id*. Although, in its response to the Motion ("Response"), Defendant argues that its removal of this action to federal court was proper, none of its arguments are availing. *See*, Response, Dkt. # 14. Therefore, pursuant to 28 U.S.C. § 1447(c), this case should be remanded to state court, and Plaintiff should be awarded attorneys' fees and costs incurred in connection with the Motion.

II.     ARGUMENT.

    A.     **Defendant Was Properly Served With the Complaint on November 2, 2022.**

As set forth in the Motion, 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal within 30 days after service of the complaint. *See*, Motion, Section II-A (citing *Campbell v. Bayou Steel Corp.*, 338 F.Supp.2d 896, 900 (N.D. Ill. 2004); *see also*, *Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010) ("A defendant has thirty days from the date of proper service to remove."). According to the "Affidavit of Service" attached as Exhibit A to the Motion, an individual named Frank Andreanszky ("Mr. Andreanszky")—who represented himself as an agent authorized to accept service of Defendant's behalf—was served with the Plaintiff's Complaint ("Complaint") on November 2, 2022, meaning that Defendant's deadline to file its Notice of Removal was December 2, 2022. *See*, Affidavit of Service, Dkt. # 12-1; 28 U.S.C. § 1446(b)(1).

In the Response, Defendant concedes that Mr. Andreanszky was served with the Complaint on November 2, 2022, but argues that service of the Complaint upon Mr. Andreanszky was ineffective to constitute proper service on Defendant. *See*, Response, Section I. For the reasons set forth below, this argument fails, as Mr. Andreanszky was an agent of Defendant for purposes of accepting service of the Complaint.

First, while it is true that "a sheriff's return as to the fact of agency is not conclusive," a "sheriff's return of service is" nevertheless "*prima facie* evidence of service, which can be set aside only by clear and satisfactory evidence." *Dei v. Tumara Food Mart, Inc.*, 406 Ill.App.3d 856, 862 (1st Dist. 2010) (citing *Island Terrace Apartments v. Keystone Serv. Co., Div. of Cole Coin Operated Laundry Equip., Inc.*, 35 Ill.App.3d 95, 98 (1st Dist. 1975)). Here, despite referencing an exhibit purportedly establishing that Mr. Andreanszky is not an agent of Defendant, and that Defendant's legal department did not receive the Complaint until November 3, 2022, no such exhibit is attached to the Response. Since, "in this district, unsupported factual statements are to

be disregarded," Defendant has failed to provide *any* evidence—let alone clear and satisfactory evidence—that rebuts the Affidavit of Service's *prima facie* showing that Mr. Andreanszky was authorized to accept service on Defendant's behalf, and/or that Defendant was served on November 2, 2022. *See, e.g.*, *Green v. Am. Fed'n of Teachers/Illinois Fed'n of Teachers Local 604*, 2015 WL 1509776, at *1 (N.D. Ill. 2015); *LeDesma v. Marriott Int'l, Inc.*, 2020 WL 6747005, at *5 (N.D. Ill., 2020) ("The Court cannot rely on such an unsupported statement to establish a purported fact."). As such, for purposes of the Motion, the Affidavit of Service conclusively establishes that Defendant—through Mr. Andreanszky—was properly served with the Complaint on November 2, 2022.

Second, even assuming, *arguendo*, the veracity of Defendant's assertions that Mr. Andreanszky is an independent contractor—as opposed to an employee, officer, or registered agent of Defendant—it does not mean that Mr. Andreanszky was not an agent of Defendant for purposes of accepting service, as "no state's law draws such a line between employees and other agents, or between high-level employees and others." *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236 (7th Cir. 1990); *Promotion Network, Inc. v. C. Da Silva (Vinhos) S. A. R. L.*, 63 F.R.D. 435, 440 (N.D. Ill. 1974) (rejecting the argument that "the individual upon whom process was served, [was] an independent contractor for [the defendant] and not its agent, and [was] an improper person to receive process"). Indeed, under both Illinois and Seventh Circuit law, service on "a person having both apparent and actual authority to receive 'notice' on behalf of [a] corporation is always enough" to effectuate service, regardless of what the person's job title or relationship with the corporation is. *Peterson*, 902 F.2d at 1237; *Slates v. Int'l House of Pancakes, Inc.*, 90 Ill.App.3d 716, 728 (4th Dist. 1980) ("For service of process to be effectively made upon an agent of the

3

defendant, such agent must have actual authority."); *Dei v. Tumara Food Mart, Inc.*, 406 Ill.App.3d 856, 862 (1st Dist. 2010) (same).

Here, by Defendant's own admission, Mr. Andreanszky had actual authority to accept service on Defendant's behalf, as Defendant explicitly states that it "allows security guards"—such as Mr. Andreanszky—"to receive service of process" on its behalf. *See*, Response, p. 2. Mr. Andreanszky also had apparent authority to accept service on Defendant's behalf, given his representation to the process server that he was a "person authorized to accept service." *See*, Affidavit of Service. Therefore, Mr. Andreanszky was an agent of Defendant for purposes of accepting service of the Complaint. *E.g.*, *Peterson*, 902 F.2d at 1237 ("A person having both apparent and actual authority to receive 'notice' on behalf of [a] corporation is always enough.").

This conclusion is consistent with the decision in *Dohm*, wherein the court held that a clerical bank employee "was an agent of the [company] for receipt of process." *United Bank of Loves Park v. Dohm*, 115 Ill.App.3d 286, 291-92 (2nd Dist. 1983). Like the employee in *Dohm*, (1) "it was one of [Mr. Andreanszky's] normal duties as a [security guard] to accept service of process," (2) Mr. Andreanszky "had been authorized by [Defendant] to accept process" on its behalf, (3) Mr. Andreanszky "was informed and believed that the acceptance process was a duty which [Defendant] had designated to" its security guards,[1] and (4) "the summons served on [Mr. Andreanszky] was forwarded to [Defendant's legal department] on or about the date of service."[2] *Id*.

---

[1] Mr. Andreanszky's understanding that acceptance process was a duty that Defendant had designated to him and other security guards is evidenced by the fact that, according to the Affidavit of Service, Mr. Andreanszky represented that he was a "person authorized to accept service" to the process server. *See*, Affidavit of Service.

[2] Although Defendant's legal department did not "receive the summons via interoffice mail until November 3, 2022," it was because the legal department was located "in a different building," as opposed to any lack of diligence by Mr. Andreanszky. *See*, Response, p. 2.

Put another way, just as the fact that the employee in *Dohm* "was a clerk rather than a registered officer of the corporation [was] not important," the fact that Mr. Andreanszky was an independently contracted security guard is irrelevant here. *Id*. at 292; *see also*, *Promotion Network*, 63 F.R.D. at 440 (holding that an independent contract could accept service on behalf of a corporation). What matters is that, like the *Dohm* employee, Mr. Andreanszky was authorized to accept service on Defendant's behalf, and "understood the purport of the service of summons and [his] duty to deliver the document" to Defendant's legal department. *Id*.; *see also*, *Island Terrace*, 35 Ill.App.3d at 98-99 ("Service on a secretary or receptionist who underst[ands] the purport of the service of summons may be service on the corporation.") (internal quotations omitted); *Megan v. L. B. Foster Co.*, 1 Ill.App.3d 1036, 1038 (2nd Dist. 1971) (holding that "service upon an intelligent clerk of a company who acts as a receptionist and who understood the purport of the service of summons was sufficient [to constitute] service upon an agent"); *Cleeland v. Gilbert*, 334 Ill.App.3d 297, 301 (3rd Dist. 2002) ("Service [is] properly made on [a] corporation" where "the person who received the service was a responsible agent of the corporation."); *Promotion Network*, 63 F.R.D. at 440.

Third, because "*any* agent's knowledge is attributed instantly to the corporation, so long as the agent has actual authority on the question" (which, by Defendant's own admission, is the case here), it makes no difference that Defendant's legal department did not receive the Complaint until the day after Mr. Andreanszky was served. *Peterson*, 902 F.2d at 1236 (emphasis in original). Indeed, since "corporations are nothing but bundles of agency relations, there is no other person to whom the 'real' notice comes after an agent gets notice. When a firm appoints someone…to be its agent for service of process, it is saying that this is the person whose knowledge counts." *Peterson*, 902 F.2d at 1237. As such, the date of service on Mr. Andreanszky—*i.e.*, November 2,

5

2022—is the date of service on Defendant, regardless of when Defendant's legal department received the complaint. *Peterson*, 902 F.2d at 1236 (noting that if a complaint is properly served on an agent of a corporation, the corporation has notice and cannot argue "that the clock continued running until the papers reached" their final destination at a later time).

For these reasons, Defendant's deadline to file the Notice of Removal was December 2, 2022. *See*, Affidavit of Service, Dkt. # 12-1; 28 U.S.C. § 1446(b)(1). Since the Notice of Removal was not filed until December 5, 2022, it was untimely, and remand is proper.[3] *E.g.*, *Campbell*, 338 F.Supp.2d at 903; *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 2356141, at *3 (S.D. Ill. 2009).

### B. The Court Must Decide, *Sua Sponte*, Whether Federal Jurisdiction Exists.

Defendant next argues that the allegations in the Complaint establish that Plaintiff has Article III standing. *See*, Response, Section II. According to Defendant, Plaintiff's allegation that she was "'damaged' and 'sustained' injury when [Defendant] failed to identify itself as the collector of the mortgage debts" is sufficient to allege the existence of monetary harm. *See*, Response, Section II (citing Complaint, ¶¶ 25, 46). Defendant also maintains that "Plaintiff alleged sufficient facts to state a common law misrepresentation harm," including that Defendant's "conduct constituted a material misrepresentation." *See*, Response, Section II (citing Complaint, ¶ 33). Finally, Defendant contends that these misrepresentations present a substantial risk of harm. *Id*.

---

[3] Notably, the Court does not need to conclusively resolve when Defendant was served in order to order a remand. The fact that there is, at the very least, an open question as to when Defendant was served with the Complaint is sufficient because "where there is doubt as to whether the requirements [for removal] have been satisfied, the case should be remanded." *Bourda*, 2009 WL 2356141 at *3 (quoting *Yount v. Shashek,* 472 F.Supp.2d 1055, 1063 (S.D. Ill. 2006)) (internal quotations, citations, and alterations omitted).

Since Plaintiff takes no position on the issue of standing, she will not attempt to rebut Defendant's assertions on these points. However, Plaintiff will note that, if the Court agrees with Defendant, Defendant cannot reverse course and later argue to the contrary based on the doctrine of judicial estoppel, which "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *In re Airadigm Communications, Inc.*, 616 F.3d 642, 662 (7th Cir. 2010) (collecting cases).

For example, under Seventh Circuit precedent, "the state of confusion is not itself an injury" for purposes of Article III standing; instead, a debtor must show that a violation of the FCDPA "led her to change her course of action or put her in harm's way." *E.g.*, *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020)); *Casillas v. Madison Ave. Associates, Inc.*, 926 F.3d 329, 331–32 (7th Cir. 2019) (holding that the mere receipt of a letter that violates the FDCPA "is insufficient to establish federal jurisdiction"); *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 781 (7th Cir. 2021) (noting that, although the plaintiff alleges that she was "confused and aggravated by [the defendant'] letter," the Seventh Circuit has consistently "held that such grievances are not injuries in fact in this context"). Although it is unclear to Plaintiff where in the Complaint it is alleged that Defendant's violations of the FDCPA affected her decision-making, Defendant apparently believes that the Complaint is sufficient in this regard. Accordingly, Plaintiff expects Defendant to maintain that position regarding the sufficiency of the Complaint if it prevails in connection with the instant Motion.

The same is true with respect to Defendant's argument that "Plaintiff alleged sufficient facts to state a common law misrepresentation harm." *See*, Response, Section II. In making this argument, Defendant is conceding that the allegations in the Complaint establish that Defendant's

misrepresentations were, in fact, material. *See*, Response, Section II (citing *Honhomme v. St. James*, 2012 IL 112393, ¶ 35 for the proposition that materiality is an essential element of a fraudulent misrepresentation claims).

This is notable because, in a December 30, 2022 letter sent to Plaintiff's counsel pursuant to Fed. R. Civ. P. 11 (the "Rule 11 Letter"), Defendant appears to take the opposite position. Specifically, in the Rule 11 Letter, Defendant claims that it "is not plausible that [Plaintiff] would have acted differently if the" correspondence she received correctly identified Defendant as the entity seeking to collect a debt. As such, according to the Rule 11 Letter, Defendant's position is that the correspondence it sent to Plaintiff did not contain a material misrepresentation because it lacked "the ability to influence [Plaintiff's] decision[making]." *See*, *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012).

Of course, Defendant is free to change its position on the issue of materiality. However, if Defendant prevails on this newfound position, it cannot later argue to the contrary in connection with a Rule 11 motion or a motion to dismiss. *Airadigm*, 616 F.3d at 662.

Finally, although Plaintiff takes no position on the issue of standing, it does not mean that the Court is bound to accept these arguments as correct. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) ("Not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Accordingly, to the extent that the Court concludes that Defendant's position on the issue of Article III standing is incorrect in light of Seventh Circuit precedent (or based on the inherent contradiction between Defendant's position in the Response and its Rule 11 Letter), remand is proper. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### C. The Court Should Require Defendant to Pay the Costs and Attorneys' Fees Incurred as a Result of Its Improper Removal of This Action.

As noted above, Defendant's arguments regarding the date that is was served with the Complaint are entirely contrary to well-established law, and wholly unsupported by any actual evidence. *See*, Section II-A, *supra*. Similarly, while Plaintiff takes no position on the issue of standing, Defendant's position on that issue are also at odds with clear Seventh Circuit precedent and its own position set forth in the Rule 11 Letter. *See*, Section II-B, *supra*. Therefore, "clearly established law demonstrated that [Defendant] had no basis for removal," and an award of attorneys' fees is warranted. *E.g.*, *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007); *Smith v. Phillip Morris USA Inc.*, 2019 WL 4750119, at *4 (N.D. Ill. 2019); *Trevino v. U-Haul Co. of Illinois, Inc.*, 2008 WL 4951321, at *7 (N.D. Ill. 2008).

### III. CONCLUSION.

For the reasons set forth herein, the Court should remand this matter to the Circuit Court of Cook County, Illinois, and award Plaintiff her attorneys' fees and costs incurred in connection with this Motion.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff's motion to remand this matter to the Circuit Court of Cook County, Illinois, award Plaintiff her attorneys' fees and costs incurred in connection with the removal and remand, and grant any other relief deemed just and appropriate under the circumstances.

Dated: January 27, 2023

Plaintiff Ana Lopez, individually and on behalf of the putative Class,

By: /s/ Matthew C. De Re
    Thomas A. Zimmerman, Jr.
    *tom@attorneyzim.com*
    Sharon A. Harris

9

*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Arthur C. Czaja
*arthur@czajalawoffices.com*
Law Office of Arthur C. Czaja
7521 N. Milwaukee Avenue
Niles, Illinois 60714
(847) 647-2106 telephone
(847) 376-3531 facsimile
www.czajalawoffices.com

Counsel for Plaintiff and the putative Class

## **CERTIFICATE OF SERVICE**

On January 27, 2023, I filed this reply electronically with the United States District Court for the Northern District of Illinois CM/ECF system. Electronic notice was therefore, automatically emailed to counsel of record.


By: /s/ Matthew C. De Re